THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANDRÉS CARDONA ALVARADO, Defendant and Appellant.

No. CR-66-183.      Decided September 5, 1967.

*Víctor M. Barriera* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Defendant-appellant alleges that the trial court of Ponce of the Superior Court of Puerto Rico committed a serious error of law in denying the motion for suppression of evi-

dence because of certain irregularities committed while making the search. The warrant was issued by virtue of the following statement made by agent Antonio Gaudino Vargas:

"In Ponce, Puerto Rico, on November 22, 1965, before this court there appears deponent, of legal age, single, and resident of Ponce, and under oath pursuant to law, states:

That I know Andrés Cardona who lives in the town of Salinas on Esteban Ramos Street, and I have personal knowledge that he drives along the public roads of Puerto Rico, the car described below:

Chevrolet car, 1957 model, white and red, license plates [*sic*] No. 860-645.

That in the vehicle described above the defendant keeps, sells, and holds in his possession material connected with the unlawful game of bolita, consisting of lists of paper, that said lists contain numbers of three figures, dash, and another number or numbers to the right, in violation of Act No. 220 of May 15, 1948, generally known as the Bolita or Bolipool Act.

That I know this for a fact because on November 16, 1965 at about 4:00 P.M. while I was in the town of Salinas, Puerto Rico on a confidential mission and when I was in said town and near the *Cafetería Hoyos* of that town defendant arrived there driving the car previously described, that he stopped and I could see when a group of three persons approached him and gave him money. That this looked suspicious to me and I went near the place where they were and I heard when one of them asked him whether he had the 345 and I was able to see when the defendant checked a white paper list with numbers of three figures, dash, and additional number to the right, answering that he had charged it and he could obtain it for him for the amount he wanted. That I was there for thirty minutes watching their transactions until the defendant took leave saying well I will see you later because I have to go to the *playita,* starting his car and going toward the *Playita* of Salinas, Puerto Rico.

Based on the foregoing I respectfully pray that if the Court finds from my statement that there is probable cause that Andrés Cardona in his vehicle, hereinbefore described, is violating the Bolita Act, to issue a search warrant to search said car and the person driving it at any place where it may be in search

of material connected with the unlawful bolita game or any evidence in violation of the law and, if seized, I will bring it to the court in the way and manner authorized by law."

■ After the search of the automobile was carried out, a piece of paper, less than one inch wide by two and three-fourths inches long was found which contained the following operations:

030-3
051-5
767-3
596-2
259-3 ·
089-3
251-2
702-2

Pursuant to our case law such a list constitutes typical bolita material.

The sworn statement was given on November 22, 1965, the search warrant was issued on November 22, 1965, the execution of the warrant was carried out on November 23, 1965. This last day the agent, Antonio Gaudino Vargas, who relates the manner in which the search was made, accompanied by Lieutenant Benítez, Sergeant Pedro Juan Quintero, and Policeman Hildebrando Quiñones Torres searched the motor vehicle of the defendant-appellant, Andrés Cardona Alvarado: "This gentleman was driving the automobile himself and was accompanied by a lady. Then when we searched the vehicle . . . When we reached the vehicle I noticed that he passed something to her which he had in his hand . . . he took what he had in his hands and threw it on the lady's lap, she took it and put it in her purse . . . We searched the lady's purse and the vehicle and found a list with numbers of three figures, dash, and number to the right . . . a small list . . . besides he [Defend-

ant-appellant] stated that it [the list] was his and said it before attorney Morales Torres."

■ The defendant-appellant challenges, mainly, the search because the agent who on November 16, 1965, witnessed the criminal act described in the sworn statement, did not proceed then and there to arrest defendant-appellant: "We cannot understand why, if defendant's automobile was parked there for 30 minutes, according to the testimony of this policeman in court, and there were about 3 persons around him making bolita transactions, in his presence and in the middle of the thoroughfare, he did not proceed there and then to arrest all of them and to seize the criminal evidence . . . ." The reason offered by the undercover agent was that he was instructed to proceed in that manner; probably, we add, in order not to disturb the "police raid." We do not believe that there was any unlawfulness in the steps taken to make the search to compel us to intervene in this case, since, in this case the bolita material is obtained by virtue of the regular system of search, and not through the immediate seizure by the peace officer, which is the situation contemplated by § 4 of Act No. 220 of 1948, as amended. What does hurt our judicial sensibility is the lack of proportion between the offense committed and the minimum penalty prescribed by Act No. 220. But the remedy must be found in the Legislature.

For the reasons stated the judgment rendered on February 18, 1966, by the Ponce Part of the Superior Court of Puerto Rico in Criminal case No. M-65-743 of said Part will be affirmed.